The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| J.W., a minor, through his guardian ad litem, SALVADOR MUNGIA; S.R., a minor, by and through his parents, SAMUELU REUPENA and TAFAOGA REUPENA, <br><br> Plaintiffs, <br><br> vs. <br><br> PIERCE COUNTY, a political sub-division in the State of Washington; TACOMA PUBLIC SCHOOLS, a.k.a. Tacoma School District No. 10; and RANDY DORN, Superintendent of Public Instruction, in his official capacity, <br><br> Defendants. | CLASS ACTION <br><br> No. 3:09-cv-5430-RJB <br><br> SETTLEMENT AGREEMENT AND CONSENT DECREE |

This Settlement Agreement and Consent Decree resolves all claims arising out of the class action lawsuit *J.W., et al., v. Pierce County, et al.*, No. 09-05430 RJB, United States District Court for the Western District of Washington at Tacoma, by Plaintiffs (youth under the age of eighteen being held at the Pierce County jail, and their parents and guardians) against Defendants (Pierce County, Tacoma Public Schools, and Superintendent of Public Instruction Randy Dorn) regarding the alleged lack of educational services at the Pierce County Jail.  In

Columbia Legal Services
Institutions Project
101 Yesler Way, Suite 300
Seattle, WA  98104
(206) 464-0838

**EXHIBIT B**

order to avoid further expense, delay, and the risk of litigation, Plaintiffs and Defendants now desire to enter into a comprehensive settlement of all claims arising out of the suit.

This Settlement Agreement and Consent Decree ("Settlement") shall not be construed as an admission by any party regarding liability or the violation of any state or federal law by Defendants.  Liability or any duty giving rise to liability is expressly denied. The parties agree that this Settlement is in the best interest of the classes.

## I.   DEFINITIONS

A.      "Agreement" means this Settlement Agreement and Consent Decree.

B.      "Certificated instructional staff" shall mean "certificated employees" as defined in RCW 28A.150.060 (2009).

C.      "Court" means the United States District Court for the Western District of Washington at Tacoma.

D.      "Day" shall mean a calendar day unless otherwise specified.

E.      "Defendants" means the following Defendants to the above entitled action: Pierce County, a political sub-division in the State of Washington; Tacoma Public Schools, a.k.a. Tacoma School District No. 10; and Superintendent of Public Instruction Randy Dorn, in his official capacity.

F.      "Eligible detainees" shall mean Pierce County Jail detainees that are eligible for participation in the Program because they have not graduated from high school and are under eighteen on their first day of confinement to the Jail and the first day of the school year as defined below.  For purposes of this Agreement, individuals who have not graduated from high school and are under eighteen on their first day of confinement at Remann Hall and who are

SETTLEMENT AGREEMENT AND CONSENT
DECREE- 2
3:09-cv-5430-RJB

Columbia Legal Services
Institutions Project
101 Yesler Way, Suite 300
Seattle, WA  98104
(206) 464-0838

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

transferred to the Jail from Remann Hall are eligible for participation in the Program for the remainder of the school year in which they transfer.  For purposes of this Agreement, those individuals sent to Western State Hospital or other mental health or medical facility for evaluation or other purpose while incarcerated at the Pierce County Jail are not included as eligible detainees while they are housed at Western State Hospital, but are eligible upon their return to the Jail if they were otherwise eligible prior to their transfer.

G.      "IEP" means an Individualized Education Program as described by the federal Individuals with Disabilities Education Act (IDEA).

H.      "Jail" means the Pierce County Jail, or any jail under the jurisdiction of Pierce County where both adults and youth under the age of eighteen are detained.  Nothing included in this Agreement shall apply to juveniles housed at Remann Hall.

I.      "Parent Class" and "Parents" means the parents and/or guardians of all individuals under 18 years of age who are members of the "Youth Class" as defined herein.

J.      "Participant" means a member of the Youth Class enrolled in the education program to be implemented by Defendants pursuant to this Agreement.

K.      "Parties" means Plaintiffs and Defendants.

L.      "Pierce County" or "the County" means Defendant Pierce County, a political sub-division in the State of Washington.

M.      "Plaintiffs" or "Classes" mean all members of the Youth Class and Parent Class.

N.      "Program" means the educational program to be implemented by Defendants pursuant to this Agreement.

SETTLEMENT AGREEMENT AND CONSENT
DECREE- 3
3:09-cv-5430-RJB

Columbia Legal Services
Institutions Project
101 Yesler Way, Suite 300
Seattle, WA  98104
(206) 464-0838

O.    "Program Staff" means an employee or contractor of the Tacoma School District assigned to work with Participants.

P.    "School day" means a weekday that is neither a weekend nor a school holiday as defined by RCW § 28A.150.050, and consistent with RCW § 28A.150.030 and the school instructional calendar for the Tacoma School District's regular school year.

Q.    "School year" shall encompass the regular school days set by the Tacoma School District for the instruction of students.

R.    "Segregation" means any form of confinement by which a member of the Youth Class is housed in a higher security level than the general classification level within the Jail. Segregation includes, but is not limited to: solitary confinement, administrative segregation, disciplinary segregation, protective custody, and intensive management unit settings.

S.    "Superintendent" means the Defendant Superintendent of Public Instruction Randy Dorn in his official capacity.

T.    "Tacoma Public Schools," or "the Tacoma School District," or "the District" means Defendant Tacoma Public Schools.

U.    "Youth Class" shall mean all present and future Pierce County Jail detainees who have not graduated from high school and who are under eighteen on their first day of confinement to the Jail and the first day of the Tacoma School District school year, or who have transferred to the Jail from Remann Hall as set forth in paragraph 1.F.   Except where otherwise explicitly stated, none of the obligations herein shall be interpreted to create any educational obligations for ineligible individuals age 18 or older.

SETTLEMENT AGREEMENT AND CONSENT
DECREE- 4
3:09-cv-5430-RJB

## II.  GENERAL OBLIGATIONS

The District and the County shall implement an educational program at the Jail that satisfies legal requirements for providing educational services to the Youth Class.   Unless otherwise explicitly stated herein, this agreement does not expand or reduce any education rights of Jail detainees over the age of eighteen.

### A.  Provision of Education Services

The program shall be conducted in accordance with Chapter 28A.150 RCW, unless otherwise authorized by state statute, the alternative learning experience requirements of WAC § 392-121-182, or an alternative education program authorized by law.

### B.  School Year

Each program school year shall commence and operate consistent with the District's regular school instructional calendar or as otherwise authorized by RCW 28A.150.290(2) and chapter 392-129 WAC.   Members of the Youth Class shall be permitted to participate in the program throughout the school year.

### C.  Intake, Enrollment, and Transfer

1.    Pierce County shall inform Program Staff of a potential eligible detainee within 48 hours of the eligible participant being booked into the Jail.   Where obtained during intake, such notification to Program Staff shall include name, date of birth, home address, and parent/guardian contact information.

2.    Within three school days of being informed by the County of a potential eligible detainee pursuant to paragraphs 1 and/or 5 of this section, Program Staff shall meet with and

SETTLEMENT AGREEMENT AND CONSENT
DECREE- 5
3:09-cv-5430-RJB

Columbia Legal Services
Institutions Project
101 Yesler Way, Suite 300
Seattle, WA  98104
(206) 464-0838

inquire of an eligible detainee whether the detainee would like to enroll in the Program.  Where an eligible detainee is admitted to the Jail outside of the regular School Year, the meeting must occur within three school days of the first day of the School Year.

3.      If the eligible detainee authorizes his or her enrollment in the Program, within two school days of such grant of authorization, Program Staff shall conduct an initial assessment of the Participant to determine appropriate instructional strategies for implementation of a student learning plan.

4.      Within two school days of providing the initial assessment, Program Staff shall begin providing educational services to the detainee.

5.      If an eligible detainee initially refuses to participate in the Program and later decides he or she would like to participate, and, if he or she expresses such intent in writing or via "kite," the detainee shall be permitted to participate if he or she is still eligible.  Within 48 hours of receiving such a request, Jail staff shall convey the request to the Program Staff member(s) designated by the District to receive such notices.

6.      Within four school days of an eligible detainee authorizing his or her enrollment in the Program, and once provided with necessary contact information, the District shall request the educational records of eligible detainees.

7.      If a Participant expresses a desire to withdraw from the Program, the following steps must be taken:  (a) a written withdrawal of services sheet must be signed by both the Participant and the Program Staff, noting date, time, reason for withdrawal, and advisement that the eligible detainee may re-enroll at anytime he or she remains eligible and directions on how to do so, (b) if the student is not yet 18 years of age, the District shall notify the parents of the

SETTLEMENT AGREEMENT AND CONSENT
DECREE- 6
3:09-cv-5430-RJB

Columbia Legal Services
Institutions Project
101 Yesler Way, Suite 300
Seattle, WA  98104
(206) 464-0838

Participant's withdrawal from the program by mailing a notification to their last known mailing address if available, and (c)Pierce County jail shall make an entry into the jail behavioral log of the date of withdrawal.  Detainees shall not be subject to institutional discipline for withdrawing or otherwise failing to participate in an educational program.

8.      In the event that a Participant fails to participate in the Program for reasons other than illness, attendance in court, meeting with a lawyer, case worker, counselor, physician, dentist, nurse, or other professional service provider, or an absence otherwise excused pursuant to the District's attendances and absences policy for a period of ten consecutive school days, he/she shall be deemed to have withdrawn from the Program.

9.      The Participant and the Participants' parent shall be provided with written notice of the Participants' withdrawal from the program.  The notice shall inform the Participant that he or she may resume educational services if he or she is still eligible by submitting a written request or "kite."

10.     When known by the Jail, it shall notify the District two weeks prior to the release or transfer of any Participants from the Jail. If not possible, notification shall be given at the earliest possible time.

11.     When offered participation in the program, eligible detainees shall be provided with the Notice of Education Rights for Youth attached hereto as Exhibit 1 and the most current version of the Student Rights, Responsibilities & Regulations handout provide to Tacoma Public Schools students (the 2008-09 version is attached hereto as Exhibit 2).  The District shall also mail to the parents of eligible detainees a copy of the Notice of Education Rights for Parents and

SETTLEMENT AGREEMENT AND CONSENT
DECREE- 7
3:09-cv-5430-RJB

Columbia Legal Services
Institutions Project
101 Yesler Way, Suite 300
Seattle, WA  98104
(206) 464-0838

Guardians attached hereto as Exhibit 3 and a copy of the Student Rights, Responsibilities & Regulations handout.

**D.  Written Learning Plan**

1.      Within ten school days of the date the initial assessment is provided pursuant to paragraph II.C.3, Program Staff shall develop and implement a written learning plan for the Participant in accordance with the requirements of WAC § 392-121-182, or an alternative education program authorized by law.

2.      The plan must be individually tailored to the specific educational needs of the participant.

3.      The District shall provide each participant, and the parent(s) of each participant, with an opportunity to have input regarding the design of the plan, provided, however, plans may be implemented in the absence of parental input.

4.      The plan must include a description of the specific learning goals and performance objectives of the learning experience that will meet the requirements of Section II.G.  The description shall clearly identify the requirements a student must meet to successfully complete the course or program in sufficient detail to guide and advise the student.

5.      The plan must identify the instructional materials essential to successful completion of the learning plan.

6.      The plan must include a description of the timelines and methods for evaluating student progress toward the learning goals and performance objectives specified in the learning plan.

SETTLEMENT AGREEMENT AND CONSENT
DECREE- 8
3:09-cv-5430-RJB

Columbia Legal Services
Institutions Project
101 Yesler Way, Suite 300
Seattle, WA  98104
(206) 464-0838

7.     Students that are eligible for special education must be provided with written learning plans that are consistent with their IEPs and that comply with the requirements of the federal Individuals with Disabilities Education Act ("IDEA"), Section 504 of the Rehabilitation Act, the Washington State Special Education Act, and all other special education requirements under federal and state program authorized by law.  Nothing in this Settlement Agreement or related provisions is intended, however, to supersede or supplant the remedies provided for in the IDEA and other applicable state and federal laws regarding the education of students with disabilities.   The parties agree that, absent a systemic failure by the parties to identify, support, or deliver special education services, modifications or accommodations to students with disabilities as required under those laws, Participants must exhaust their administrative remedies under such laws, to the extent required under the law, before bringing any enforcement action pursuant to this settlement, pertaining to a violation of their rights to special education services. Nothing in this agreement is intended to prevent students with disabilities from bringing an enforcement action under this agreement for claims not related to their status of having a disability.

**E.  Program Staffing**

1.     Staffing of the program will be sufficient to fulfill the requirements of this Agreement, including appropriately certificated instructional staff.  The School District shall provide other specialized certified instructors and educational staff associates (e.g., speech pathologists, occupational therapists, audiologists, nurses, psychologists, etc.) as appropriate according to each Participant's Individualized Education Plan (IEP), where applicable.

SETTLEMENT AGREEMENT AND CONSENT
DECREE- 9
3:09-cv-5430-RJB

2.      Participants shall have direct, one-on-one personal contact with program instructional staff for an average of one hour per week.  Only a half-hour per week of one-on-one personal contact with instructional staff shall be required for Participants that receive at least one hour per week of group contact time with instructional staff.  Group instruction is limited to four or fewer Participants and is not required under this agreement.

3.      Participants shall be permitted to contact the Program Staff in writing (e.g., via a kite) with issues or questions concerning the Program.

**F.  Program Offerings**

1.      The courses provided to Participants of the program shall be courses in the subject matters identified for inclusion in the common school curriculum by the Washington State Legislature and the Superintendent of Public Instruction including those subjects identified in RCW §§ 28A.230.020, .050, .070 and WAC §§ 392-410-115, -120, -135 that will allow each Participant to earn credits toward the District's graduation requirements and satisfy the requirements for an Alternative Learning Experience course of study under WAC 392-121-182, or an alternative education program authorized by law.  Provided, where the Participant is not making sufficient educational progress and the student is not able to perform high school level work, consistent with the student learning plan, the District may offer a remedial course at a level appropriate to ensure educational progress, even if such course does not carry high school credit.

2.      If it is determined that to fulfill graduation requirements a particular Participant needs a specific type of credit that may create a safety or security issue in the Jail, where feasible Program Staff and the District, in consultation with Jail staff, shall provide the Participant an alternate course of instruction that is practical and appropriate for the Jail population and that

SETTLEMENT AGREEMENT AND CONSENT
DECREE- 10
3:09-cv-5430-RJB

will satisfy graduation requirements. Within five school days of determining that it is not feasible to provide such an alternate course of instruction or seek a viable alternative to securing the credit necessary for graduation, the District will notify the parties. Within five school days of such notification, the parties will meet and confer in good faith to determine the appropriate action to take with respect to the Participant's educational services. If the parties are not able to resolve the matter by meeting and conferring in good faith, any party may file a motion with the Court seeking relief based under the Washington State Constitution and/or Chapter 28A.150 RCW or other applicable state statute. Where an alternate course of instruction is provided under this paragraph, Program Staff shall document the reasons for providing the alternate course.

3. The Program shall utilize curricula, course content, instructional materials and other learning resources as authorized by law.

4. Eligible Participants shall receive an educational program that shall include all elements necessary to ensure compliance with federal and state requirements regarding education of Participants with disabilities including, but not limited to, those eligible for services under the Federal Individuals with Disabilities Education Act and Section 504 of the Rehabilitation Act.

**G. Fulfillment of Graduation Requirements**

1. The Program shall provide sufficient opportunity for Participants to pursue full or partial credit which will count toward high school graduation requirements in the Tacoma School District.

2. The Program shall provide an opportunity for Participants to earn a minimum of six "high school credits" (as the term is defined in WAC § 180-51-050) per school year that are generally applicable toward fulfilling the Participants' graduation requirements in the Tacoma

SETTLEMENT AGREEMENT AND CONSENT
DECREE- 11
3:09-cv-5430-RJB

Columbia Legal Services
Institutions Project
101 Yesler Way, Suite 300
Seattle, WA  98104
(206) 464-0838

School District.  Whether, and the extent to which, a Participant earns credits is dependent on the Participant's progress and participation does not guarantee any Participant receives high school credit.  An individual Participant's educational program will include provision of class and credit type necessary for graduation, subject to paragraph II.F.2, but does not guarantee provision of any specific class.

3.     The Program shall allow for partial credit retrieval.   Subject to those limitations articulated in this Agreement, the Program shall provide sufficient opportunity to complete other requirements for graduation.

**H. Accessibility and Special Education**

The program shall be accessible to all eligible Participants, including those with disabilities, and shall be administered and provide special education services, program modifications and accommodations in accordance with the federal Individuals with Disabilities Education Act ("IDEA"), Section 504 of the Rehabilitation Act, and other applicable state and federal laws regarding the rights of students with disabilities to receive a public education. Nothing in this Settlement Agreement or related provisions is intended, however, to supersede or supplant the remedies provided for in the IDEA and other applicable state and federal laws regarding the education of students with disabilities.   The parties agree that, absent a systemic failure by the parties to identify, support, deliver special education services, modifications or accommodations to students with disabilities as required under those laws, Participants must exhaust their administrative remedies under such laws, to the extent required under the law, before bringing any enforcement action pursuant to this settlement pertaining to a violation of their rights to special education services.  Nothing in this agreement is intended to prevent

SETTLEMENT AGREEMENT AND CONSENT
DECREE- 12
3:09-cv-5430-RJB

Columbia Legal Services
Institutions Project
101 Yesler Way, Suite 300
Seattle, WA  98104
(206) 464-0838

students with disabilities from bringing enforcement action under this agreement for claims not related to their status of having a disability.

## I.  Parental Involvement

1.      Parent(s) of Participants who are under the age of 18 shall have the right to provide input in developing the written learning plan and shall have a right to review all education records of the Participant in accordance with the requirements of RCW § 28A.605.030 and its supporting regulations.  The failure of a Participant's parent(s) to assist in developing the written learning plan or to otherwise become involved in the Participant's education under the program shall not preclude the Participant from enrollment in the Program or implementation of the learning plan.

2.      Defendants shall also comply with federal and state law governing special education requirements regarding involvement of parents of Participants with special education needs, including participation in IEP meetings.

## J.  Evaluation and Progress Review

1.      Each Participant's educational progress shall be reviewed at least monthly by the Program Staff and the results of each review shall be communicated to the Participant.  When requested by the Participant's parent(s), Program Staff shall update the Participant's parent(s) regarding the Participant's progress each time the Participant earns a credit.  The information provided to the Participant and the Participant's parent(s) shall include a description of the Participant's progress toward meeting graduation requirements.

SETTLEMENT AGREEMENT AND CONSENT
DECREE- 13
3:09-cv-5430-RJB

Columbia Legal Services
Institutions Project
101 Yesler Way, Suite 300
Seattle, WA  98104
(206) 464-0838

2.      If the Participant fails to make satisfactory progress for two consecutive evaluation periods or if the Participant fails to follow the written learning plan, an intervention plan designed to improve Participant progress shall be developed and implemented. This intervention plan shall be developed by instructional staff in conjunction with the Participant. If, after no more than two subsequent evaluation periods, the Participant still is not making satisfactory progress, a plan designed to more appropriately meet the Participant's educational needs shall be developed and implemented by Program Staff in conjunction with the Participant.

3.      Participants shall be assessed using District-wide recurring assessments used by the District, consistent with state requirements or guidelines for assessments.

4.      Evaluations and assessments for Participants with special education needs shall conform to the requirements of federal and state laws regarding special education.

**K.  School Discipline**

A Participant, including Participants placed in Segregation, shall be expected to comply with all student rules and conduct code provisions of the District, a copy of which shall be provided to them.   They shall be subject to discipline consistent with applicable statutes, regulations and District policies.

**L.  Institutional Discipline**

1.      Participants shall not be deprived of participation in the Program as a result of discipline taken by the Pierce County Jail unless it occurs during, or is related to, the Program.

2.      Institutional discipline shall not result in the loss of participation in the Program. Where Participants are placed in Segregation or any other special housing unit, or where there is

SETTLEMENT AGREEMENT AND CONSENT
DECREE- 14
3:09-cv-5430-RJB

Columbia Legal Services
Institutions Project
101 Yesler Way, Suite 300
Seattle, WA  98104
(206) 464-0838

some other emergent situation involving or affecting the Participants, Participants shall be permitted to continue their participation in the program to the extent continuation is feasible.

**M. Maintenance and Release of Participant Records**

1.      Maintenance of student records shall be in accordance with the Office of Secretary of State's Local Government Records and Retention Schedule for School Districts. Participant files shall be maintained at the jail to the extent necessary to implement the education program, Participants' written learning plans, and Participants' IEPs, and shall include but not be limited to current transcripts, IEPs, behavioral intervention plans, functional behavioral assessments, and current evaluations.  These files shall be accessible by the Program Staff.

2.      Access to and release of a Participant's educational records shall be in accordance with the Family Educational Rights and Privacy Act (FERPA) and other applicable federal and state laws pertaining to student and public records.  After a Participant is released from the Jail, upon receipt of a request for the Participant's educational records, the District shall transmit the records as requested in accordance with the requirements of RCW § 28A.225.330.

**N.  Educational Materials and Facility Conditions**

1.      The District shall provide Participants with all educational materials and supplies (e.g., books, workbooks, writing implements, paper, tests, rulers, calculators, computers, etc.), and access to such materials and supplies, necessary to ensure that Participants can fully participate in the program and fulfill the requirements of their written learning plan with regard to jail security considerations.  The materials and supplies shall, at minimum, be consistent in quality with those available to the District's overall student population.

SETTLEMENT AGREEMENT AND CONSENT
DECREE- 15
3:09-cv-5430-RJB

Columbia Legal Services
Institutions Project
101 Yesler Way, Suite 300
Seattle, WA  98104
(206) 464-0838

2.      Pierce County shall ensure that the jail facilities that are used for the program are adequately maintained and sufficient to allow the program requirements of this Agreement to be met.  The School District and Pierce County shall also ensure that Participants are provided with an adequate opportunity to fulfill the requirements of their written learning plan and other applicable program requirements.  This shall include allowing a Participant an average of five hours per school day for independent study, receipt of instruction, or other course work, except where doing so is not practicable in light of the Participant's illness, attendance in court, meeting with a lawyer, case worker, counselor, physician, dentist, nurse, or other professional service provider, or an absence otherwise excused pursuant to the District's attendances and absences policy, or other exigent circumstances.

3.      Pierce County shall provide and maintain a clean and appropriate classroom environment sufficient to meet the program requirements.  The County shall provide Participants with access to classroom space as necessary to fulfill the requirements of this Agreement and to fulfill the Participants' written learning plans consistent with security considerations.

4.      Pierce County shall also provide and maintain furnished office space for Program Staff, which must include a telephone and access for long distance calls, a lockable file cabinet, access to a copy machine, access to a fax machine, and access to the Internet sufficient to access the District's network.

**O.  Office of Superintendent of Public Instruction Oversight**

1.      During the term of this Agreement, Defendant Superintendent of Public Instruction shall supervise the provision of educational services at the Jail in accordance with relevant federal and state law.

SETTLEMENT AGREEMENT AND CONSENT
DECREE- 16
3:09-cv-5430-RJB

Columbia Legal Services
Institutions Project
101 Yesler Way, Suite 300
Seattle, WA  98104
(206) 464-0838

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

2.      In addition, the Superintendent shall make a good faith effort to identify funding sources for the provision of the program, including consideration of additional funds, such as funds for institutional education.

## III.   MONITORING

### A. Selection

The parties have agreed that Michael S. Blair shall serve as a Settlement Monitor who will monitor this Agreement as set forth below.

### B. Duties

1.      During the first four full semesters during the term of this agreement, there will be monitoring of the program.  During this time period, the monitor shall be required to do the following:

a.      Conduct two reviews (the first to occur during the first two months of each semester and the second before each semester ends unless otherwise noted) to include the following:

i.      On site visitation of the jail education program with reasonable notice to the Defendants or their designee (minimum 5 school days in advance);

ii.     During each visit, the monitor will interview at least 4 program participants (if such participants are available and consent to be interviewed) and review the records of each student interviewed that the monitor deems are relevant to compliance with the provisions of the settlement;

Columbia Legal Services
Institutions Project
101 Yesler Way, Suite 300
Seattle, WA  98104
(206) 464-0838

iii.   Over the course of the semester reviews, interview at least 3 parents/guardians (if consenting parents are available) (these interviews can be conducted by phone);

iv.   Over the course of the semester reviews, interview at least 2 eligible detainees who refused enrollment in the program (if such detainees are available and consent to be interviewed);

v.   Within 15 days of each review, the monitor shall submit a verification letter to all parties confirming the visit and flagging any issues raised during the course of the limited review so that the parties can address them instead of waiting until the end of the semester.  Should issues arise outside of the timeframe for the visits (e.g., during a parent interview), the monitor will give the parties written notice of the issue within 15 days. If at all possible, the monitor shall also immediately provide an oral report to the school staff and jail staff of any issue that might be included in any forthcoming verification letter;

vi.   During the course of the visits, the parties shall provide the monitor access to program faculty and records as the monitor requests and shall allow the monitor to observe classes.  It is expressly agreed that the monitor shall not disrupt the provision of educational services in the execution of his or her duties.  Minor interruptions are not considered a disruption; and

vii.   To facilitate the monitor's review, the School District and County shall maintain at all times during the monitoring phase an accurate written log

SETTLEMENT AGREEMENT AND CONSENT
DECREE- 18
3:09-cv-5430-RJB

Columbia Legal Services
Institutions Project
101 Yesler Way, Suite 300
Seattle, WA  98104
(206) 464-0838

of inmate contacts regarding enrollment, assessment, and class-time services. This will be provided for the monitor's review during each visitation and, if feasible, in advance of the review.

b.      Conduct a full end-of-the-semester review of the program status in writing.  This will include a review of all program records relevant to compliance with the provisions of the settlement, except with respect to the following requirements of the settlement for which appropriate Defendants may self-certify regarding their compliance or non-compliance:  whether the school year is consistent with the District regular school instructional calendar (see Section II.B); whether detainees who are eligible for the program at the beginning of the school year are permitted to participate the entire year (see Section II.B); whether school records were requested within four school days of an eligible detainee authorizing enrollment and providing necessary contact information; whether notification was provided to the District two weeks prior to the release or transfer of any participants from the Jail or at the earliest possible time (see Section II.C.10); whether courses provided to Participants are in the subject matters identified in the common school curriculum by the Legislature and Superintendent of Public Instruction and allow the earning of credits toward District graduation requirements and the applicable Alternative Learning Experience course of study (see Section II.F.1); whether appropriate Defendants are in compliance with II.F.2;  whether any eligible detainees were precluded from participation in the program because of the failure of the detainee's parent to assist in developing the written learning plan or otherwise become involved in the detainee's education (see Section II.I.1); and whether any detainees have

SETTLEMENT AGREEMENT AND CONSENT
DECREE- 19
3:09-cv-5430-RJB

Columbia Legal Services
Institutions Project
101 Yesler Way, Suite 300
Seattle, WA  98104
(206) 464-0838

been subjected to institutional discipline for failing to participate in the program (see Section II.C.7).  If a Defendant(s) certifies that non-compliance with this Agreement has occurred, the Defendant(s) shall provide the monitor and counsel for Plaintiffs all documents relevant to the non-compliance.  The Monitor may also do further investigation into the non-compliance.  During the end-of-semester review, the monitor may conduct supplemental interviews.   If the monitor deems it necessary, he or she may investigate any issues that arise during the end-of-semester review or that arose in the two prior reviews during that particular semester.  The monitor shall then submit a report to the parties within 30 days of the end of each semester.

2.      After the first four full semesters of monitoring, in the fourth semester report, the monitor shall certify whether or not the Defendants have substantially complied with the terms of this Agreement.  If the monitor certifies that Defendants have not substantially complied with the terms of the Agreement, monitoring shall continue in the same manner for two additional semesters.  If the monitor certifies that Defendants have substantially complied with the terms of the Agreement, monitoring shall continue for two semesters during which time the monitor need not conduct the reviews set forth in Section III.B.1.a.

**C.  Access to Information**

1.      To the extent necessary to perform the duties described above, the Monitor shall have full and complete access to Defendants' records and staff, and Pierce County jail facilities and eligible detainees.  Defendants shall direct all employees to cooperate fully with the Monitor.

2.      Upon the Monitor's request, Pierce County shall provide the Monitor with a list of all eligible detainees then being held at the Jail.

SETTLEMENT AGREEMENT AND CONSENT
DECREE- 20
3:09-cv-5430-RJB

Columbia Legal Services
Institutions Project
101 Yesler Way, Suite 300
Seattle, WA  98104
(206) 464-0838

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

3.      Upon request of Plaintiffs' Counsel, Pierce County shall provide Plaintiffs' Counsel with a list of all eligible detainees then being held at the Jail and shall allow Plaintiffs' Counsel access to the eligible detainees.

4.      Throughout the duration of the settlement agreement, the parties shall provide all complaints received regarding the provision of educational services at the jail to the monitor for review and to counsel for all parties.  This includes, but is not limited to kites, grievances, and written statements.

**D.  Payment**

Defendants shall pay the Monitor's reasonable fees and actual expenses incurred for performing the duties as outlined in this Agreement.

**E.  Removal and Replacement of the Monitor**

The Monitor shall not be removed unless: (i) the Monitor resigns, (ii) the parties stipulate and agree in writing that the Monitor should be removed, or (iii) the Court determines that there is good cause.  In the event the Monitor resigns or is otherwise removed under this paragraph before the expiration of the term of this Agreement, or in the event that Mr. Blair is not able to fill out the term of his service as monitor, he shall provide written notice to the parties' counsel as soon as feasible.   The parties shall exchange the names of new proposed monitors no later than ten business days after all counsel are in receipt of that notice, or equivalent notice of his incapacity to serve in the event Mr. Blair is incapable of providing notice.  Within five business days of this exchange, the parties shall meet and confer regarding agreed substitution for the remaining term of monitoring.  If the parties are unable to identify a mutually agreeable monitor

SETTLEMENT AGREEMENT AND CONSENT
DECREE- 21
3:09-cv-5430-RJB

Columbia Legal Services
Institutions Project
101 Yesler Way, Suite 300
Seattle, WA  98104
(206) 464-0838

within ten business days of their meeting, then the matter shall be jointly brought before the Court for consideration.  Each party shall submit to the Court names and CVs of at least two potential monitors.  Any proposed monitor under this provision should possess similar work experience to that of current monitor Mike Blair in the fields of education administration and assessment of learning programs, and a background that demonstrates that the proposed monitor will be able to act independently of, and without bias toward, any of the parties.

## IV.   ENFORCEMENT

### A.  Dispute Resolution

In the event the parties disagree over Defendants' performance of their obligations under this Agreement, the parties shall first meet and confer in good faith in order to attempt to resolve the disagreement without court intervention.  If the parties are not able to resolve the matter by meeting and conferring in good faith, any party may proceed to request Court enforcement or other relief.

### B.  Attorneys' Fees and Costs

The parties shall bear their own costs and attorneys' fees for this action, except that if Plaintiffs prevail in an action seeking to enforce the terms of this Agreement, the Court shall order one or more of the Defendants to pay reasonable attorneys' fees and costs of the enforcement action.

## V.   IMPLEMENTATION OF AGREEMENT

Defendants shall come into full compliance with the terms of this Agreement within two months of its approval by the Court.

SETTLEMENT AGREEMENT AND CONSENT
DECREE- 22
3:09-cv-5430-RJB

Columbia Legal Services
Institutions Project
101 Yesler Way, Suite 300
Seattle, WA  98104
(206) 464-0838

## VI.  MODIFICATION AND TERMINATION OF AGREEMENT

### A.  Term of Agreement

The settlement agreement will remain in effect for six full semesters plus 90 days, and Defendants shall comply with all applicable provisions.  Plaintiffs may, however, move the court for an extension of the settlement with either full or reduced monitoring for a period no longer than two additional semesters. The court will grant the motion only upon a showing that there is a reasonable expectation that Defendants will materially deviate from the educational program required by the settlement agreement. There will be no extension of the settlement agreement in any event beyond eight full semesters from the date of its commencement.

### B.  Modification

This Agreement may only be amended or modified by order of the Court pursuant to FRCP 23.

## VII.  EXECUTION IN COUNTERPARTS

This Agreement may be executed by the Parties in one or more counterparts, transmitted by electronic or regular mail, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

DATED this 26th day of March, 2010.

ROBERT J. BRYAN
United States District Judge

SETTLEMENT AGREEMENT AND CONSENT
DECREE- 23
3:09-cv-5430-RJB

Columbia Legal Services
Institutions Project
101 Yesler Way, Suite 300
Seattle, WA  98104
(206) 464-0838

1

        The undersigned have agreed to the provisions forth above and to the entry of this
Settlement Agreement and Consent Decree.

2

3

DATED: February 5, 2010                    DATED: February 5, 2010

4

5
s/ Gavin Thornton                          s/ Michelle Luna-Green
Gavin Thornton, WSBA #32996                Michelle Luna-Green, WSBA #27088
6
Beth Colgan, WSBA #30520                   Pierce County Prosecuting Attorney's
Columbia Legal Services                    Office/Civil Division
7
101 Yesler Way, Ste. 300                   955 Tacoma Ave. South, Suite 301
Seattle, WA 98104                          Tacoma, WA  98402-2160
8
Telephone: (206) 464-0838                  Telephone: 253-798-6380
9
Fax: (206) 382-3386                        Fax: 253-798-6713
Email: gavin.thornton@columbialegal.org    Email: mluna@co.pierce.wa.us.
10
        beth.colgan@columbialegal.org
                                           Attorney for Defendant Pierce County
11
Attorneys for Plaintiffs

12

13

DATED: February 5, 2010                    DATED: February 5, 2010
14

15
s/ Charles P.E. Leitch                     s/ Dierk Jon Meierbachtol
Charles P.E. Leitch, WSBA #25443           Dierk Jon Meierbachtol, WSBA #31010
16
Katharine M. Tylee, WSBA #40640            Washington State Attorney General's Office
Patterson Buchanan Fobes                   1125 Washington Street SE
17
Leitch & Kalzer, Inc., P.S.                P.O. Box 40100
2112 Third Avenue, Suite 500               Olympia, WA 98504-0100
18
Seattle, Washington 98121                  Telephone: (360) 586-2940
19
Telephone: (206) 462-6700                  Fax: (360) 664-0662
Fax: (206) 462-6701                        Email: dierkm@atg.wa.gov
20
Email: cpl@pattersonbuchanan.com
        kmt@pattersonbuchanan.com          Attorney for Defendant Randy Dorn
21

22
Attorneys for Defendant Tacoma School
District No. 10
23

24

25

SETTLEMENT AGREEMENT AND CONSENT                Columbia Legal Services
DECREE- 24                                        Institutions Project
3:09-cv-5430-RJB                              101 Yesler Way, Suite 300
                                                 Seattle, WA  98104
                                                  (206) 464-0838

1

Dated: 2/2/10 _____     S / _____
2                                    J.W.

3

Dated: _____    S / _____
4                                    SALVADOR MUNGIA, guardian ad litem for J.W.

5

Dated: 2/2/10 _____      S / _____
6                                    S.R.

7

Dated: 2/2/10 _____      S / _____
8                                    SAMUELU REUPENA

9

Dated: 2/2/10 _____      S / _____
10                                   TAFAOGA REUPENA

11

12

Dated: 2/5/10 _____      S / _____
13                                   PIERCE COUNTY
                                     By Paul Pastor, Sherriff
14                                   Pierce County Sheriff's Department

15

Dated: 2/4/10 _____      _____
16                                   TACOMA PUBLIC SCHOOLS, a.k.a. Tacoma
17                                   School District No. 10

18                                   By: s / _____

19                                   Printed Name: Arthur Jarvis _____

20                                   Title :Supt._____

21

22

Dated: 2/3/10 _____      S / _____
                                     RANDY DORN, Superintendent of Public
23                                   Instruction, in his official capacity

24

25

SETTLEMENT AGREEMENT AND CONSENT                    Columbia Legal Services
DECREE- 25                                            Institutions Project
3:09-cv-5430-RJB                                   101 Yesler Way, Suite 300
                                                     Seattle, WA  98104
                                                       (206) 464-0838